UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 25-CV-61730-ELFENBEIN

**NEO-DAVIS**,

      Plaintiff,

v.

**MARINA GARCIA-WOODS**, *et al.*,

      Defendants.

_____/

## REPORT AND RECOMMENDATION[1]

**THIS CAUSE** is before the Court on a *sua sponte* review of the record.  For the reasons explained below, the undersigned respectfully **RECOMMENDS** that this action be **DISMISSED WITHOUT PREJUDICE** for failure to prosecute, for failure to comply with the Court's Order to Amend, ECF No. [14], for failure to state a claim, and for lack of subject-matter jurisdiction under the *Rooker-Feldman* doctrine.

## I.    BACKGROUND

The Complaint, styled as a "Verified Bill in Equity / Notice of Harm," names seventeen respondents, including various Broward County circuit and appellate judges, a retired United States Magistrate Judge, the Broward County Sheriff, the Broward County Clerk of Courts, and

---

[1] Pursuant to Administrative Order 2025-11, the undersigned United States Magistrate Judge was assigned as the presiding judge for all purposes, including entering dispositive orders, presiding over any trial, and entering a final judgment.  To ensure that all parties understood their rights to opt out of Magistrate Judge jurisdiction without any adverse consequences, the undersigned issued an Order Explaining Magistrate Judge Jurisdiction and Providing Instructions to *Pro Se* Litigant on October 15, 2025.  *See* ECF No. [10].  Defendant has not yet entered an appearance in this case, so Defendant cannot be deemed to have consented to Magistrate Judge jurisdiction by failing to opt out.  Accordingly, the undersigned will request that this case be transferred to a District Judge for further proceedings and will deal with Plaintiff's failure to comply with a court order in a Report and Recommendation instead of in an Order.

various private mortgage servicers, title companies, and individuals.  *See* ECF No. [1] at 1–4.  The Complaint does not invoke any provision of the United States Constitution, any federal statute, or any other recognized basis for this Court's jurisdiction.  *See generally id*.  Instead, it purports to invoke "Divine Equity," asserts that it "stands outside any statutory jurisdiction," and states that "[n]o corporate, statutory, or commercial jurisdiction applies."  *See* ECF No. [1] at 1, 5.  The Complaint further purports to list "Trust Property & CUSIPs" linking the names of private individuals to mutual fund CUSIP numbers, and recites generalized accusations against each respondent — such as "wrongful foreclosure," "administrative obstruction," and "trespass upon trust res" — without identifying any federal legal theory, any specific statutory provision, or any factual basis sufficient to support a cognizable claim.  *See* ECF No. [1] at 2–4.  Against this backdrop, Plaintiff requested permission to prosecute his claims in this lawsuit without prepaying the Court's filing fee and to proceed *in forma pauperis* ("IFP").  *See* ECF No. [3].

After granting Plaintiff's request to proceed IFP and screening the Complaint as required by  28 U.S.C. § 1915(e)(2), the undersigned entered an Order to Amend on March 16, 2026.  *See* ECF No. [14].  In that Order, the Court concluded that the Complaint suffered from numerous pleading and jurisdictional deficiencies.  *See id*.  Specifically, the Court explained that the Complaint failed to identify a cognizable basis for federal subject-matter jurisdiction, appeared to seek relief barred by the *Rooker-Feldman* doctrine, failed to comply with the pleading requirements of Rules 8 and 10 of the Federal Rules of Civil Procedure, and constituted an impermissible shotgun pleading.  *See id.* at 8-11.

To afford Plaintiff an opportunity to cure those deficiencies, the Court ordered Plaintiff to file an amended complaint no later than April 1, 2026.  *See id.* at 11.  The Court expressly directed Plaintiff to submit a new pleading that complied with the Federal Rules of Civil Procedure and

addressed the defects identified in the Order. *See id.* More than two months have now passed since the Court-imposed deadline. Plaintiff has not filed an amended complaint, has not sought an extension of time, and has not otherwise responded to the Court's Order.

## II.     LEGAL STANDARDS

### A.  The Court's Inherent Authority

Federal courts possess the inherent authority to manage their dockets and ensure the prompt disposition of cases. *See Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc.*, 556 F.3d 1232, 1240 (11th Cir. 2009). Included within that authority is the power to dismiss an action when a litigant fails to comply with court orders. *See Foudy v. Indian River Cnty. Sheriff's Off.*, 845 F.3d 1117, 1126 (11th Cir. 2017) ("Federal courts possess an inherent power to dismiss a complaint for failure to comply with a court order."); *see also Degen v. United States*, 517 U.S. 820, 827 (1996) (recognizing a federal court's authority to enforce its orders through dismissal in appropriate circumstances); Fed. R. Civ. P. 41(b).

The Eleventh Circuit has repeatedly recognized that dismissal is appropriate where a litigant disregards court orders and abandons prosecution of the action. S*ee Betty K Agencies, Ltd. v. M/V Monada*, 432 F.3d 1333, 1337 (11th Cir. 2005); *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) ("While dismissal is an extraordinary remedy, dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion."). Those principles apply with equal force to *pro se* litigants. Although courts construe *pro se* filings liberally, *pro se* parties remain obligated to comply with court orders and the Federal Rules of Civil Procedure. *See Moon*, 863 F.2d at 837. A court cannot be expected to indefinitely delay proceedings when a litigant fails to comply with directives necessary to move the case forward.

### B.  Motion to Proceed IFP

In most situations, a plaintiff who initiates a civil action in this District must pay a filing fee of $405.  *See* 28 U.S.C. § 1914(a); *Flannery v. USAA Gen. Indem. Co.*, No. 24-CV-14390, 2024 WL 5485793, at *1 (S.D. Fla. Dec. 23, 2024); Court Fees, U.S. Dist. Ct. for S.D. Fla., https://www.flsd.uscourts.gov/court-fees (last visited June 12, 2026).  A plaintiff can avoid paying the filing fee by including along with the complaint a motion to proceed IFP.  *See, e.g.*, 28 U.S.C. § 1915; *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306 (11th Cir. 2004).  A plaintiff moving to proceed IFP must submit "an affidavit that includes a statement of all assets" the plaintiff possesses, a statement "that the person is unable to pay" the filing fees, "the nature of the action," and the "affiant's belief that" he or she "is entitled to redress."  *See* 28 U.S.C. § 1915(a)(1).

If the affidavit is facially sufficient, the court should "docket the case and then proceed to the question of whether the asserted claim is frivolous."  *Id.* (alteration adopted, quotation marks omitted); *see also* 28 U.S.C. § 1915(e)(2)(i) (instructing that a court must dismiss the case if the court "at any time . . . determines that . . . the action or appeal . . . is frivolous or malicious,").  A claim is frivolous if it "realistically has no better than a slight chance of success" or "lacks an arguable basis" in law or "in fact, for example, [by] asserting fantastic facts."  *Clark v. State of Ga. Pardons & Paroles Bd.*, 915 F.2d 636, 640 n.1 (11th Cir. 1990).  Section 1915(e) also requires the court to dismiss a complaint that "fails to state a claim on which relief may be granted."  *See* 28 U.S.C. § 1915(e)(2)(ii).  Finally, § 1915(e) requires the court to dismiss a complaint that "seeks monetary relief against a defendant who is immune from such relief."  *See* 28 U.S.C. § 1915(e)(2)(iii).

And, of course, "[p]*ro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed."  *Hughes v. Lott*, 350 F.3d 1157, 1160 (11th Cir. 2003).  "Still, once a *pro se* IFP litigant is in court, he is subject to the relevant law

4

and rules of court, including the Federal Rules of Civil Procedure." *Moon*, 863 F.2d at 837. And while "*pro se* pleadings are liberally construed and federal courts should look beyond the label of the pleadings to determine whether they are properly characterized, a court may not serve as *de facto* counsel for a party or rewrite a pleading." *United States v. Cordero*, 7 F.4th 1058, 1068 (11th Cir. 2021) (citations and quotation marks omitted).

### C.  Pleading Requirements

As discussed above, Section 1915(e)(2) requires the Court to dismiss Plaintiff's case if it "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).  Failure to state a claim includes failure to comply with the Federal Rules of Civil Procedure.  *See Moon*, 863 F.2d at 837.  That means Plaintiff's Complaint must conform with Rule 8, which requires him to give a short and plain statement of his claims showing he is entitled to relief, *see* Fed. R. Civ. P. 8(a), and with Rule 10, which requires him to state those claims in a series of numbered paragraphs and to limit each paragraph to a single set of circumstances, *see* Fed. R. Civ. P. 10(b).

To state a claim for relief, a pleading "must contain" three substantive parts: (1) "a short and plain statement of the grounds for the court's jurisdiction," (2) "a short and plain statement of the claim showing that the pleader is entitled to relief," and (3) "a demand for the relief sought."  *See* Fed. R. Civ. P. 8(a).  Those substance requirements are aimed at ensuring that a complaint contains "sufficient factual matter, accepted as true," *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), to both "state a claim to relief that is plausible on its face" and "give the defendant fair notice of what the claim is and the grounds upon which it rests," *see Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007) (alteration adopted, quotation marks omitted).

"[D]istrict courts have the power and the duty to define the issues at the earliest stages of litigation," which includes the responsibility of dismissing or requiring a party to correct shotgun pleadings.  *See Johnson Enters. of Jacksonville, Inc. v. FPL Grp., Inc.*, 162 F.3d 1290, 1333 (11th Cir. 1998).  There are four types of shotgun pleadings that violate Rule 8(a), Rule 10(b), or both:

> The most common type — by a long shot — is a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint.  The next most common type . . . is a complaint that does not commit the mortal sin of re-alleging all preceding counts but is guilty of the venial sin of being replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action.  The third type of shotgun pleading is one that commits the sin of not separating into a different count each cause of action or claim for relief.  Fourth, and finally, there is the relatively rare sin of asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against.

*Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1321-23 (11th Cir. 2015) (footnote call numbers omitted).  The "unifying characteristic" of shotgun pleadings is they "fail . . . to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests."  *Id.* at 1323 (footnote call number omitted).  The Eleventh Circuit has "condemned shotgun pleadings time and again" because they "exact an intolerable toll on the trial court's docket, lead to unnecessary and unchannelled discovery, and impose unwarranted expense on the litigants, the court and the court's parajudicial personnel and resources." *Jackson v. Bank of Am., N.A.*, 898 F.3d 1348, 1356–57 (11th Cir. 2018) (citation omitted); *Anderson v. Dist. Bd. of Trs. of Cent. Fla. Cmty. Coll.*, 77 F.3d 364, 367 (11th Cir. 1996) ("Experience teaches that, unless cases are pled clearly and precisely, issues are not joined, discovery is not controlled, the trial court's docket becomes unmanageable, the litigants suffer, and society loses confidence in the court's ability to administer justice.").

Given the havoc they wreak, the Eleventh Circuit has specifically instructed district courts not to tolerate shotgun pleadings because "[t]olerating such behavior constitutes toleration of obstruction of justice." *Jackson*, 898 F.3d at 1357 (footnote omitted); *see also Cramer v. Florida*, 117 F.3d 1258, 1263 (11th Cir. 1997) ("[S]hotgun complaints . . . are altogether unacceptable."). It has made clear that a district court that receives a shotgun pleading, at a minimum, "must intervene *sua sponte* and order a repleader." *See Byrne v. Nezhat*, 261 F.3d 1075, 1133 (11th Cir. 2001), *abrogated on other grounds by*, *Bridge v. Phoenix Bond & Indem. Co.*, 553 U.S. 639 (2008). And if the claims of a complaint "are so poorly pleaded that" it is "virtually impossible to know which allegations of fact are intended to support which claim(s) for relief," *see Weiland*, 792 F.3d at 1325 (emphasis and quotation marks omitted), a district court "retains authority to dismiss a shotgun pleading on that basis alone," *see Jackson*, 898 F.3d at 1357.

## D.  Subject-Matter Jurisdiction

Under Federal Rule of Civil Procedure 12(h), "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). The Eleventh Circuit has stated that "a court should inquire into whether it has subject matter jurisdiction at the earliest possible stage in the proceedings" and that "a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking." *See Univ. of S. Alabama v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999). The United States Supreme Court has long held that the *Rooker–Feldman* doctrine bars federal district courts from reviewing "cases brought by state-court losers complaining of injuries caused by state-court judgments." *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 281 (2005). Federal district courts may not review or annul final state-court judgments; such

7

review lies exclusively with the respective state court's appellate procedures and the United States Supreme Court. *See id*. When this doctrine applies, the federal case must be dismissed for lack of subject-matter jurisdiction. *See id*.

In the Eleventh Circuit, courts routinely apply this narrow but firm bar. "The doctrine extends not only to constitutional claims presented or adjudicated by a state court, but also to claims that are 'inextricably intertwined' with a state court judgment." *Goodman ex rel. Goodman v. Sipos*, 259 F.3d 1327, 1332 (11th Cir. 2001) (quoting *Siegel v. LePore*, 234 F.3d 1163, 1172 (11th Cir. 2000)). "A claim is 'inextricably intertwined' if it would 'effectively nullify' the state court judgment, or [if] it 'succeeds only to the extent that the state court wrongly decided the issues.'" *May v. Morgan Cty. Ga.*, 878 F.3d 1001, 1005 (11th Cir. 2017) (quoting *Casale v. Tillman*, 558 F.3d 1258, 1260 (11th Cir. 2009)). Stated differently, "[a] claim that at its heart challenges the state court decision itself — and not the statute or law which underlies that decision — falls within the doctrine because it 'complain[s] of injuries caused by state-court judgments' and 'invite[s] . . . review and rejection of those judgments.'" *Id*. (quoting *Exxon*, 544 U.S. at 284).

Unpublished Eleventh Circuit decisions and courts in this District have also applied this bar in the mortgage-foreclosure context. Courts generally hold that claims that would "effectively nullify" a state foreclosure judgment or succeed only if the state court "wrongly decided" the issues are inextricably intertwined and jurisdictionally barred, even when framed under federal statutes. *See Bedasee v. Fremont Inv. & Loan Co.,* 741 F. App'x 642, 644 (11th Cir. 2018); *Symonette v. Aurora Loan Servs., LLC*, 631 F. App'x 776, 778 (11th Cir. 2015); *Smith v. 21st Mortgage Corp.*, No. 18-CV-61133, 2019 WL 13237036, at *6 (S.D. Fla. Mar. 7, 2019), *report and recommendation adopted*, No. 18-CV-61133, 2019 WL 13237035 (S.D.

Fla. Mar. 26, 2019).

### III.   DISCUSSION

#### A. Plaintiff's Failure to Amend the Complaint

First, Plaintiff's Complaint is subject to dismissal for failure to prosecute the case and comply with the Court's Order to Amend, ECF No. [4]. Plaintiff was afforded a meaningful opportunity to correct the deficiencies identified in the Complaint. Rather than dismissing the action upon its initial review under 28 U.S.C. § 1915(e)(2), the Court granted Plaintiff leave to amend and provided detailed guidance regarding the defects that required correction. *See* ECF No. [14]. The Court's Order was clear, unambiguous, and established a specific deadline for compliance. *Id.* Despite receiving that opportunity, Plaintiff failed to file an amended complaint and the deadline to do so elapsed more than two months ago. Plaintiff likewise failed to request additional time or otherwise communicate with the Court regarding his inability to comply. Consequently, Plaintiff has failed to prosecute this action and failed to comply with a lawful Court order. Under these circumstances, dismissal without prejudice is appropriate. *See Degen*, 517 U.S. at 827 (recognizing a federal court's authority to enforce its orders through dismissal in appropriate circumstances); *Foudy*, 845 F.3d at 1126 ("Federal courts possess an inherent power to dismiss a complaint for failure to comply with a court order."); *Moon*, 863 F.2d at 837 ("While dismissal is an extraordinary remedy, dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion."). The recommended dismissal is without prejudice because the merits of Plaintiff's claims have not been adjudicated and because Plaintiff's noncompliance, while sufficient to warrant dismissal, does not presently justify the more severe sanction of dismissal with prejudice. *See Foudy*, 845 F.3d at 1126; *Moon*, 863 F.2d at 837.

### B. The Complaint Fails to State a Claim

The Complaint is also subject to dismissal pursuant to 28 U.S.C. § 1915(e)(2) because the Court granted Plaintiff IFP status, and upon screening, his Complaint fails to state a claim for relief. Even liberally construed, the Complaint fails to satisfy any of the requirements of Rule 8(a). Most fundamentally, the Complaint does not plead any basis for this Court's subject-matter jurisdiction. *See* ECF No. [1] at 1; Fed. R. Civ. P. 8(a)(1). The Complaint explicitly disclaims any statutory or constitutional basis for jurisdiction, invoking instead "Divine Equity" and asserting that "[n]o corporate, statutory, or commercial jurisdiction applies." *See* ECF No. [1] at 1. Federal district courts are courts of limited jurisdiction and may exercise subject-matter jurisdiction only where it is conferred by the Constitution or by statute. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Self-styled invocations of "divine," "common law," or "equity" jurisdiction untethered to any recognized statutory or constitutional grant do not confer subject-matter jurisdiction upon this Court. Because the Complaint fails to identify any statutory or constitutional basis for the Court's jurisdiction, it does not satisfy even the first requirement of Rule 8(a). *See* Fed. R. Civ. P. 8(a)(1); *see generally* ECF No. [1]; Fed. R. Civ. P. 8(a)(2).

Moreover, to the extent the Complaint can be read as challenging the validity of state court foreclosure proceedings and orders — which it plainly does, accusing named Broward County judges of issuing unlawful foreclosure orders and "dismissing trust filings without acknowledging jurisdiction or remedy" — the *Rooker–Feldman* doctrine presents an independent bar to this Court's subject-matter jurisdiction. *See Exxon Mobil*, 544 U.S. at 281 (explaining that *Rooker-Feldman* doctrine bars federal review of "cases brought by state-court losers complaining of

injuries caused by state-court judgments"). Plaintiff's claims are seemingly inextricably intertwined with the state court judgments he challenges because they would succeed only if this Court concluded that those judgments were wrongly decided. *See May*, 878 F.3d at 1005; *see also Bedasee*, 741 F. App'x at 644 (applying *Rooker–Feldman* in mortgage foreclosure context).

The Complaint also fails to include a short and plain statement of any claim showing that Plaintiff is entitled to relief. *See generally* ECF No. [1]; Fed. R. Civ. P. 8(a)(2). Indeed, it is a classic shotgun pleading: it names seventeen Defendants and lists generalized accusations against each without distinguishing which facts support which legal theory against which respondent. *See Weiland*, 792 F.3d at 1323 (describing shotgun pleading categories, including complaints that "assert multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions"). Beyond the failure to plead jurisdiction, the Complaint fails to allege any federal statutory or constitutional right that was violated, fails to allege any specific act or omission by any individual respondent that would support a cognizable cause of action, and makes no demand for any specific, legally cognizable form of relief. Thus, the Complaint does not comply with Rules 8(a)(1), 8(a)(2), or 8(a)(3) of the Federal Rules of Civil Procedure.

Because the Complaint fails to comply with Rule 8 even under a broad reading, *see* Fed. R. Civ. P. 8(a)(2), and because the Court cannot rewrite the Complaint to save it, *see Cordero*, 7 F.4th at 1068 n.11, the Complaint fails to state a claim for relief and is subject to dismissal.

## IV.    CONCLUSION

For the foregoing reasons, the undersigned respectfully **RECOMMENDS** that:

1. This action be **DISMISSED WITHOUT PREJUDICE** for failure to prosecute, for failure to comply with the Court's Order to Amend, ECF No. [14], for failure to state a claim, and

for lack of subject-matter jurisdiction under the *Rooker-Feldman* doctrine;

2.  Any pending motions be **DENIED AS MOOT**; and

3.  The Clerk of Court be directed to **CLOSE** this case.

The Parties will have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with the assigned United States District Judge.  Failure to timely file objections shall bar the Parties from a *de novo* determination by the District Judge of an issue covered in the Report and shall bar the Parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report except upon grounds of plain error if necessary in the interest of justice.  *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1.

**RESPECTFULLY SUBMITTED** in Chambers in Miami, Florida on June 12, 2026.

**MARTY FULGUEIRA ELFENBEIN**
**UNITED STATES MAGISTRATE JUDGE**

cc:  All Counsel of Record

**Neo-Davis**
15031 North Saxon Circle
Southwest Ranches, FL 33331
*PRO SE*