UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 25-61730-CIV-DAMIAN/Elfenbein

NEO DAVIS,

Plaintiff,

v.

MARINA GARCIA-WOOD, *et al.*,

Defendants.

_____/

ORDER AFFIRMING AND ADOPTING
REPORT AND RECOMMENDATION [ECF NO. 15]

THIS CAUSE is before the Court on Magistrate Judge Marty Fulgueira Elfenbein's

Report and Recommendation ("Report") [ECF No. 15], entered on June 12, 2026,

recommending that Plaintiff, Neo Davis's ("Plaintiff"), Complaint [ECF No. 1] be dismissed

without prejudice for failure to prosecute, for failure to comply with the court's Order to

Amend [ECF No. 14], for failure to state a claim, and for lack of subject-matter jurisdiction.

THE COURT has considered the underlying Complaint [ECF No. 1], the Report, the

record in this case, and the relevant authorities and is otherwise fully advised.

On August 27, 2025, Plaintiff, Neo Davis ("Davis" or "Plaintiff"), filed this lawsuit by

way of a document titled "Verified Bill in Equity Notice of Harm," referred to here as a

Complaint, naming seventeen Defendants, including various Broward County circuit and

appellate judges, a retired United States Magistrate Judge, the Broward County Sheriff, the

Broward County Clerk of Courts, and various private mortgage servicers, title companies,

and individuals. *See generally* Compl. The Complaint does not include any coherent factual

allegations and includes sections titled Standing Identifiers, Equity Declaration, Scriptural

Authority, Ledger A – Trust Property & CUSIPs, etc. *Id.* The Complaint is packed with phrases and terms bearing the hallmarks associated with "sovereign citizen" litigants, whose legal theories and filings have been routinely rejected as frivolous in this Circuit. *See United States v. Sterling*, 738 F.3d 228, 233 n.1 (11th Cir. 2013).

After several judges recused, Judge Elfenbein received transfer of the case on October 10, 2025. [ECF No. 9]. On March 18, 2026, Judge Elfenbein conducted a non-prisoner *in forma pauperis* screening per 28 U.S.C. § 1915(e)(2) for frivolity, maliciousness, failure to state a claim, and defendant immunity. *See* ECF No. 14 ("Order to Amend"). Upon screening the Complaint, Judge Elfenbein ordered Davis to amend the Complaint because it failed to comply with Federal Rule of Civil Procedure 8(a) as it failed to set forth any basis for subject matter jurisdiction or to provide any statement that shows Davis is entitled to any relief. *Id.* at 10. Even construing the Complaint liberally, based on the Defendants named and some language used, Judge Elfenbein explains that it appears that the Complaint is an effort to collaterally attack a state court foreclosure order, which, as Judge Elfenbein explains, would be barred under the *Rooker-Feldman*[1] doctrine. *Id.* The Order to Amend directed Davis to file an amended complaint no later than April 1, 2026. *Id.*

Davis did not file an amended complaint by the deadline so, after giving him another two months to comply in an abundance of leniency and deference to the *pro se* litigant, Judge Elfenbein entered the Report on June 12, 2026, recommending the Complaint be dismissed without prejudice for several reasons. *See generally* Rpt. First, Davis failed to follow the court

---

[1] *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923) and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983).

order directing him to amend the Complaint, and federal courts have inherent authority to dismiss a complaint for failure to comply with a court order. *Id.* at 9. Second, the Complaint fails to state any claim or plead a basis for subject-matter jurisdiction. *Id.* at 10. Third, even if the Complaint is construed as challenging the state court's foreclosure judgment, any such claim would be barred by the *Rooker-Feldman* doctrine. *Id.* at 11. Judge Elfenbein recommends dismissal without prejudice. As noted above, Davis did not file objections to Judge Elfenbein's Report, and the time for filing objections has passed.

A District Court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). When a magistrate judge's "disposition" has properly been objected to, district courts must review the disposition *de novo*. Fed. R. Civ. P. 72(b)(3). When no party has timely objected, however, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72 advisory committee's notes (citation omitted). Although Rule 72 itself is silent on the standard of review, the Supreme Court has acknowledged Congress's intent was to only require a *de novo* review where objections have been properly filed, not when neither party objects. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate [judge]'s factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."). In any event, the "[f]ailure to object to the magistrate [judge]'s factual findings after notice precludes a later attack on these findings." *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988) (citing *Nettles v. Wainwright*, 677 F.2d 404, 410 (5th Cir. 1982)).

The undersigned has reviewed the Report, the Order to Amend, the Complaint, the record, and the applicable law to assure that no clear error appears on the face of the record. In light of that review, the undersigned agrees with the thorough analysis and well-reasoned recommendations stated in Judge Elfenbein's Report and agrees with Judge Elfenbein's conclusions. Accordingly, it is hereby

**ORDERED AND ADJUDGED** as follows:

1. The Report and Recommendation **[ECF No. 15]** is **AFFIRMED AND ADOPTED**.

2. Plaintiff's Complaint **[ECF No. 1]** is **DISMISSED WITHOUT PREJUDICE**.

3. Any pending motions are **DENIED AS MOOT**.

4. The Clerk of Court shall **CLOSE** this case.

**DONE AND ORDERED** in Chambers in the Southern District of Florida this 10th day of July, 2026.

_____
**MELISSA DAMIAN**
**UNITED STATES DISTRICT JUDGE**

cc:     Counsel of record

U.S. Magistrate Judge Marty Fulgueira Elfenbein

**Neo-Davis,** *Pro Se*
15031 North Saxon Circle
Southwest Ranches, FL 33331

4